## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY HUGHES | : | |
| 3329 Oak Street Extension | : | |
| Youngstown, Ohio 44505 | : | |
| | : | |
| Plaintiff, | : | Case No. 4:18-CV-960 |
| | : | |
| vs. | : | |
| | : | Judge _____ |
| YOUNGSTOWN STATE UNIVERSITY | : | |
| One University Plaza | : | |
| Youngstown, Ohio 44505 | : | |
| | : | |
| c/o HOLLY JACOBS, ESQ. | : | JURY DEMAND |
| Office of the General Counsel | : | ENDORSED HEREON |
| Youngstown State University, Tod Hall 314 | : | |
| Youngstown, Ohio 44505 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff brings this action for injury he has sustained as a result of Defendant, Youngstown State University's (hereinafter "YSU") violation of the Fourteenth Amendment to the United States Constitution, which is actionable under 42 U.S.C. §1983 and Ohio law.  Plaintiff seeks compensatory and punitive damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this action is conferred on this Court for the reason it involves a federal question arising under the Fourteenth Amendment to the United States Constitution and under 28 U.S.C. §1331, for the reason the claims arise under the laws of the United States, 28 U.S.C. §1343(a)(3),and  for the reason Plaintiff seeks the redress of deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of citizens, 42 U.S.C. §2000e.  This Court has pendent jurisdiction over the

remaining claims, in which the matters in controversy exceed the sum or value of Seventy-five thousand dollars ($75,000.00) exclusive of interest, cost and attorney's fees, which arise from the same facts and circumstances.  Plaintiff and Defendant are citizens of the State of Ohio.  Plaintiff has been  issued a right to sue letter by the United States Equal Opportunity Commission fewer  than 90 days ago.  A copy of this letter is at Exhibit A.

2.   Venue is properly laid in the Northern District of Ohio under 28 U.S.C. §1391(b) for the reason Plaintiff and Defendant are located within Mahoning County, Ohio and the claims arose within Mahoning County, Ohio.

3.   Defendant is located in Mahoning County, Ohio.

4.   Defendant conducted activities that gave rise to the claims for relief in  Mahoning County, Ohio.

## FACTS COMMON TO ALL COUNTS

5.   This is a civil action brought on behalf of the Plaintiff, Jimmy Hughes, to redress the injury caused to him by the deprivation of his rights and privileges as secured by the laws of the United States as a result of the intentional acts of the Defendant.

6.   Plaintiff, Jimmy Hughes (hereinafter "Hughes") is an individual trained and experienced in the realm of law enforcement.  Hughes is an African American and former City of Youngstown, Ohio Chief of Police.

7.   On or about May 1, 2017, the date to be determined with greater specificity following discovery, YSU hired a chief for its university police force.

8.  YSU is a state supported institution with the requisite number of employees to bring it within the ambit of both federal and Ohio laws that prohibit racial and age – based discrimination.

9.  Without advertising the intention to hire a new University police chief or posting the vacancy in any lawful manner whatsoever, YSU hired an individual of Caucasian ancestry, who lacked the experience, training and and qualifications of Hughes.

10. Upon learning through informal sources of the intention to hire a university police chief, Hughes timely submitted an application.

11. YSU, without justification or authority, refused to even consider Hughes' application.

12. The acts of YSU are violative of both state and federal discrimination laws in that YSU's action was based on unlawful age and race discrimination.

13. Hughes filed a proper charge of discrimination with the Ohio Civil Rights Commission, but has also instituted this action given the potential need for an immediate equitable decree to reverse, suspend or otherwise vacate the recent appointment lest the claims asserted become moot.

14. YSU is liable to Hughes for compensatory damages, attorney fees under 42 U.S. §1988 as well as Ohio law, and such other relief as the Court deems just.

**FIRST CLAIM FOR RELIEF – RC 4112 RACE DISCRIMINATION**

15. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 14 hereof as if fully rewritten herein.

16. Defendant was at all times pertinent an  employer as defined under R.C. 4112.01.

17. Plaintiff was at all times pertinent an employee as defined under R.C. 4112.01.

18. Defendants have treated Plaintiff differently than the white employees within YSU's police department.

19. In point of fact, Defendant refused to even consider Plaintiff's application.

20. As a direct and proximate result of the foregoing race discrimination by Defendant, Plaintiff sustained a loss of future income and benefits, a loss of earning capacity, and emotional distress.

21. Defendant's actions were willful, malicious, and in reckless disregard for plaintiff's legal rights, and are of the nature for which Plaintiff is entitled to recover damages.

## COUNT II (42 U.S.C. §1983 EQUAL PROTECTION)

22. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 21 hereof as if fully rewritten herein.

23. Defendant has denied Plaintiff's right to equal protection of the laws as secured by the Fourteenth Amendment to the United States Constitution and cognizable in state or federal court for race based discrimination in hiring and promotion

24. As a result of Defendant's conduct, Plaintiff has been damaged.

## COUNT III (42 U.S.C. §1983 SUBSTANTIVE DUE PROCESS)

25. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 24 hereof as if fully rewritten herein.

26. Defendant's actions, have violated Plaintiff's right to substantive due process as secured by the Fourteenth Amendment to the United States Constitution and enforced through 42 U.S.C. §1983.

27. As a result of Defendant's conduct, Plaintiff has been damaged.

## COUNT IV (TITLE VII RACE DISCRIMINATION AND RETALIATION)

28. Plaintiff realleges and incorporates the statements contained in paragraphs 1 through 27 hereof as if fully rewritten herein.

29. Defendant's discriminated and retaliated against Plaintiff, including but not limited to, treating him differently than similarly situated white employees because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

30. As a result of Defendant's discriminatory conduct, Plaintiff has been damaged.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a)  An award of compensatory damages, not less than $75,000 exclusive of interest and costs, to Plaintiff sufficient to address the harm she has sustained in amounts to be determined at trial;

b)  An award of punitive damages in amounts to be determined at trial that will reasonably prevent similar future unlawfulness and to punish Defendant;

c)  An award of reasonable attorneys' fees and the costs and expenses of this action;

d)  An award of prejudgment and post-judgment interest; and

e)  Back pay, front pay and such other and further relief as may be found appropriate and as the Court may deem just or equitable.

Respectfully Submitted,

*s/Percy Squire, Esq.*
Percy Squire (0022010)
341 S. Third St., Suite 10
Columbus, Ohio 43215
(614) 224-6528 T
(614) 224 -6529 F
psquire@sp-lawfirm.com
Attorney for Plaintiff

**JURY DEMAND**

Now come Plaintiffs and request the within cause be tried to the maximum number of jurors allowable by law.

_s/Percy Squire, Esq._
Percy Squire, Esq. (0022010)